IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | **SEALED** |
| v. | § § | Case No. 4:22-CR-121 |
| CARLOS ALBERTO VELASQUEZ (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (2) | § § § | Judge Mazzant |

FILED
MAY 12 2022
Clerk, U.S. District Court
Texas Eastern

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Fentanyl)

That from sometime in or about August 2021, and continuously thereafter up to and including the date of this Indictment, in the Eastern District of Texas and elsewhere, **Carlos Alberto Velasquez** and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, defendants, did knowingly and intentionally combine, conspire, and agree with each other and persons known and unknown to the United States Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount Fentanyl, in violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Two

Violation: 18 U.S.C. § 1956(h) 1956(a)(2)(A) and (a)(2)(B)(i) (Conspiracy to Commit Money Laundering)

Indictment
Page 1

That from sometime in or about August 2021, and continuing thereafter up to and including the date of this Indictment, in the Eastern District of Texas, and elsewhere, **Carlos Alberto Velasquez** and ███████████████, defendants, did knowingly combine, conspire, and agree together and with each other and with other persons known and unknown to conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is conspiracy to distribute and possess with intent to distribute Fentanyl, as alleged in Count One of this Indictment;

1. knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of that specified unlawful activity contrary to 18 U.S.C. § 1956(a)(B)(i);

2. did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: Fentanyl, as described in Count One of this Indictment, in violation of 18 U.S.C. § 1956(a)(2)(A); and

3. did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, involving the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled

Substances, to-wit: Fentanyl, as described in Count One of this Indictment, knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

From their engagement in the violation alleged in this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, all of their interest in:

 a. Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and
 b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violation.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;
 b. has been transferred or sold to, or deposited with, a third person;
 c. has been placed beyond the jurisdiction of the court;
 d. has been substantially diminished in value; or
 e. has been commingled with other property which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
United States Attorney

By:

_____
ERNEST GONZALEZ
Assistant United States Attorney

BRIT FEATHERSTON
United States Attorney

By:

_____
COLLEEN BLOSS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | Case No. 4:22-CR-_____ |
| CARLOS ALBERTO VELASQUEZ (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (2) | § § § | Judge _____ |

### NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 846

Penalty: If 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl -- not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years.

Special Assessment: $100.00

### Count Two

Violation: 18 U.S.C. § 1956(h) in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1957

Penalty: Not more than 20 years imprisonment; a fine not to exceed $500,000 or twice the pecuniary gain or loss. A term of supervised release of not more than 3 years.

Special Assessment: $100.00