IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | NO. 4:22-CR-121 |
| | § | JUDGE MAZZANT |
| v. | § | |
| | § | |
| CARLOS ALBERTO VELASQUEZ (1) | § | |

### OPPOSITION TO MOTION REVOKE DETENTION ORDER (DOC # 31)

The United States of America respectfully requests, for the reasons described below, that this Court deny Mr. Velasquez's motion to revoke the detention order, doc # 31, because detention is appropriate based on the evidence presented at the April 28, 2022, detention hearing. And insofar as Mr. Velasquez seeks to reopen the detention hearing, he has failed to proffer sufficient information from which this Court could conclude that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

*/s/ Jonathan R. Hornok*
JONATHAN R. HORNOK
Assistant United States Attorney
Utah State Bar No. 15166
500 North Stateline Avenue, Suite 402
Texarkana, Texas 75501
(903) 794-9481
(903) 792-5164 (fax)

## **MEMORANDUM**

I. INTRODUCTION

Mr. Velasquez was arrested on April 26, 2022, pursuant to a complaint. Doc # 1, 4. On May 12, 2022, a grand jury returned a two-count indictment, charging Mr. Velasquez with conspiring to possess fentanyl with intent to distribute, in violation of 21 U.S.C. § 846, and with conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h), (a)(2)(A), (a)(2)(B)(i).

On April 28, 2022, this Court held a detention hearing pursuant to 18 U.S.C. § 3142(f), during which the United States presented the testimony of Special Agent Marcus West of the Drug Enforcement Administration. Doc # 12 at 4. This Court took the matter under advisement and issued an order May 11, 2022, recounting the evidence presented and finding that Mr. Velasquez "ha[d] not rebutted the presumption that there is no condition or combination of conditions on which Defendant could be released that would reasonably assure Defendant's appearance at trial and that Defendant would not pose a danger to the community." *Id.* at 6. On the basis of that order, Mr. Velasquez has been detained since that time.

On January 13, 2023, Mr. Velasquez—with the assistance of a new, retained counsel, doc # 25, 26–filed a motion asking this Court to "conduct a de novo review of the facts in this case relating to the Magistrate's order of May 11, 2022 [Doc. 12] and revoke this order of Detention." Doc # 31 at 1. Mr. Velasquez's support for his motion is thin. Without further analysis, Mr. Velsaquez makes only the following statement regarding the evidence presented at the detention hearing: "During the detention hearing held on April

28, 2022, the Government's presentation was almost fully devoid of any evidence that suggested that Mr. Velasquez was a risk of flight if released." Doc # 31 at 3. Mr. Velasquez makes no attempt to examine the evidence presented or explain is rationale for this conclusory assertion. *Id.* at 3–4. Next, Mr. Velasquez alleges that his attorney has learned something new: "In the subsequent months since his detention, facts surrounding the instant offense have come to light that neither the attorney representing Mr. Velasquez nor the government's agents knew at the time. These facts significantly alter Mr. Velasquez's reasons for being detained." *Id.* at 4. But again, Mr. Velasquez fails to provide any details regarding these new facts and fails to explain how they undermine the Court's ruling. *Id.* Simply put, Mr. Velasquez has failed to provide anything but bald assertions to support his request.

## II. DISCUSSION

### A. A defendant must proffer new, material information before the Court grants a reopened detention hearing.

After a defendant has been ordered detained, the Court may only reopen the detention hearing in a limited circumstance:

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). There are thus two requirements for a defendant to reopen a detention hearing: The defendant must learn some new information. And that new information must have a "material bearing" on the detention calculus in his case. Information is "material"

if it is "significant," "essential," has "real importance or great consequence," or—perhaps most on point—is "[o]f such a nature that knowledge of the item would affect a person's decision-making." *Material*, BLACK'S LAW DICTIONARY (11th ed. 2019); *Material*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2014). Finally, because the "judicial officer" must "find[]" that this standard is met, the defendant necessarily must proffer the new information and explain why it is material before the Court reopens the matter of detention. *See United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015).[1]

*B. An untimely appeal is not an end-run around the statutory requirement.*

Section 3145(b) of title 18 of the United States Code provides a review mechanism if a defendant is detained. But given the statute's clear instructions regarding reopening a detention hearing, *see infra*, an appeal is not an opportunity to add new information with the hope of tipping the balance. Moreover, a defendant's request for review of a detention order is untimely if it is not sought within fourteen days. FED. R. CRIM. P. 59. Simply put, a defendant cannot seek an untimely review of a detention order and thereby circumvent the statute's clear requirement the he present new evidence.

In this case, Mr. Velasquez has attempted to do exactly that. He has appealed the detention order almost eight months after this Court issued it. And in support, he has cited evidence that he claims his attorney just learned. Doc # 31 at 3–4. But Mr. Velasquez does

---

[1] *See also United States v. Stanford*, 367 F. App'x 507, 509–11 (5th Cir. 2010) (upholding the denial of motion to reopen a detention hearing where the defendant—in his motion— failed to proffer new, material information); *United States v. Jefferson*, 40 F.3d 385, 1994 WL 652531, at *1–3 (5th Cir. 1994) (same).

not claim—as he must—that the information is new to him. *See id.* Thus, his motion is both untimely and insufficient.

### C. The Individualized Detention Analysis Required

A defendant should not be released pending trial if a judicial officer determines that "release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249 (citation omitted). A determination that no condition or combination of conditions will prevent the risk of flight must be supported by a preponderance of the evidence. *See United States v. Trosper*, 809 F.2d 1107, 1109 (5th Cir. 1987). A determination that no condition or combination of conditions will assure that the defendant does not pose a danger to a person or the community must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

Courts should consider the following factors in determining whether a person poses a flight risk or a danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *see also United States v. Acosta-Leyva*, 751 F. App'x 594, 595 (5th Cir. 2019).

Further, where, as here, there is probable cause to believe that the defendant committed an offense under 21 U.S.C. § 846, a rebuttable presumption exists that "no

condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). And even if the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *Fortna*, 769 F.2d at 251.[2]

### D. Mr. Velasquez should be detained

As an initial matter, the government is entitled to a presumption that no combination of release conditions will assure the safety of the community. *See* 18 U.S.C. § 3142(e)(3). Mr. Velasquez has not explained how that presumption is overcome in this case. Nor could he for the reasons explained by the Court previously, doc # 12 at 4–6, and highlighted below:

*Nature and circumstances of the offense (3142(g)(1)):* Defendant is charged with drug offense that carries a mandatory minimum prison sentences and the potential of life in prison. The nature and circumstances of the offenses thus favors detention.

*Weight of the evidence (3142(g)(2)):* The weight of the evidence against defendant strongly supports his detention. For example, Mr. Velasquez showed up to a drug transaction after the details of the transaction were arranged with a fugitive drug trafficker in Mexico. Doc # 12 at 5.

*Mr. Velasquez's history and characteristics (3142(g)(3)):* Mr. Velasquez attempted to flee when law enforcement approached him. *Id.* And messages on his phone demonstrate

---

[2] *See also Hare*, 873 F.2d at 798–99.

that his son asked him to "look for a Glock." *Id.* Finally, Mr. Velasquez's wife lives in Mexico and his son's whereabouts are unknown. *Id.*

In sum, Mr. Velasquez is appropriately detained under the individualized analysis proscribed by section 3142.

### III. CONCLUSION

Accordingly, this Court should deny Mr. Velasquez's motion revoke the detention order because his request is untimely. In the event that the Court were to consider his request as a motion to reopen the detention hearing, the Court should also deny that motion because he has failed to proffer sufficient information from which this Court could conclude that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

### **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record have been served electronically by the CM/ECF system or have been served by email.

*/s/ Jonathan R. Hornok*
JONATHAN R. HORNOK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | NO. 5:19-CR-8 |
| | § | JUDGE SCHROEDER |
| v. | § | |
| | § | |
| JACORY DEWAYNE COULTER (2) | § | |

**ORDER DENYING MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142(F) (DOC # 222)**

Having considered the motion of the defendant and the briefing of the parties,

IT IS HEREBY ORDERED that the defendant's *Motion for Detention Hearing and for Revocation of Detention Order,* (Doc # 222), is DENIED.